IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERSCHENIA BROWN-KOONCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 3084 |
| ) | |
| HEALTHCARE SERVICES CORP. (BLUE ) | |
| CROSS BLUE SHIELD OF ILLINOIS), ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Herschenia Brown-Koonce ("Brown-Koonce") has utilized the Clerk's-Office-supplied printed form of Complaint of Employment Discrimination to charge her ex-employer Healthcare Services Corporation ("Healthcare") with discrimination attributable to her disability that assertedly culminated in her discharge. Brown-Koonce has accompanied her Complaint with two other Clerk's-Office-supplied documents: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This memorandum order addresses each of those filings.

To begin with, the Complaint sets out (though in skeletal form) what appears to be a plausible claim (the standard set by the Twombly-Iqbal canon). One of the exhibits to the Complaint is EEOC's right-to-sue letter, and this action was filed within the 90-day time frame provided by the statute. That being so, Brown-Koonce's action survives threshold scrutiny.

Next, the Application amply demonstrates Brown-Koonce's inability to bear the costs of this action. On that score she represents that she was terminated in July of last year, that she has not found employment since then and that her unemployment insurance ran out on January 31 of this year. Although her husband is self-employed, his modest income as reported in Application

¶ 4(b) does not take the family (the couple has a son dependent on them) out of Brown-Koonce's eligibility for in forma pauperis ("IFP") treatment.  Moreover, the couple's residence is in foreclosure proceedings (Application ¶ 7).  Accordingly the Application is granted.

As for the Motion, unfortunately Brown-Koonce has misunderstood it as calling for an explanation of her efforts to seek representation by counsel at the administrative level.  Not so -- in this circuit our Court of Appeals requires an applicant for attorney representation to fill in Motion ¶ 2 with a showing of an effort or efforts to seek representation in the current lawsuit.  Hence Brown-Koonce's copy of this memorandum order is being transmitted to her with some replacement forms of the Motion for Attorney Representation, so that she may fill out and return two counterparts that will enable this Court to rule on the Motion.  In the interim the Motion is simply entered and continued.

Finally, this Court is contemporaneously issuing its regular initial scheduling order.  It sets an initial status hearing date at 9 a.m. May 10, 2016, at which time either Brown-Koonce or any lawyer who may already have been designated to represent her will be expected to appear.  Meanwhile it is expected that Brown-Koonce (or any lawyer designated to represent her) will cause process to be served on Healthcare.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date:  March 15, 2016